UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL D. CLARKE,                     )
                                        )
            Petitioner,                 )        Case No. C04-2093-JCC-JPD
                                        )
        v.                              )
                                        )        REPORT AND RECOMMENDATION
JAMES C. SPALDING,                      )
                                        )
            Respondent.                 )
_____  )

## I.  INTRODUCTION

Petitioner has filed a *pro se* petition for writ of *habeas corpus* challenging his 1995 convictions in King County Superior Court.  After reviewing the parties pleadings and the available record, this Court concludes that petitioner's claims are time barred.  Accordingly, the Court recommends that the petition be dismissed.

## II.  FACTS AND PROCEDURAL HISTORY

On June 30, 1995, King County Superior Court entered a judgment and sentence against petitioner for one count each of first degree murder, attempted first degree murder, and second degree assault.  Dkt. No. 19, Ex. 10.[1]  Petitioner stabbed one victim to death in her trailer home and stabbed and beat her nine-year-old niece.  *See* Ex. 14; *State v. Clarke*, 86 Wash. App. 447, 448-49 (1997).  Upon conviction, the trial court imposed "exceptional

_____

[1]References to the state court record are hereinafter referred to only by their exhibit number.

REPORT AND RECOMMENDATION
PAGE -1

01  sentences of 600 months for the first degree murder conviction and 582 months for the

02  attempted first degree murder conviction."  Ex. 14; *Clarke*, 86 Wash. App. at 448-49.  The

03  sentences were to run concurrently.  Ex. 10.

04       A.    State Direct Review Proceedings

05       Proceeding through counsel, petitioner raised a direct appeal to the Washington Court

06  of Appeals.  Exs. 11-14; *see supra Clarke v. State*.  Among other things, petitioner argued that

07  the trial court had abused its discretion by allowing certain evidence at trial, including a past

08  robbery conviction.  He also challenged the trial court's decision on several sentence-related

09  issues.  Ex. 11.  On May 19, 1997, in a partially published decision, the court rejected

10  petitioner's arguments and affirmed his conviction.  Ex. 14; *See supra Clarke v. State*.

11  Petitioner sought direct review by the Washington Supreme Court, but his request was denied

12  on November 5, 1997.  Exs. 15, 16.  On November 20, 1997, the Court of Appeals issued its

13  certificate of mandate.  Ex. 17.  Petitioner did not file a petition for writ of *certiorari* with the

14  Supreme Court of the United States.  As a result, the petitioner's conviction became "final" for

15  purposes of 28 U.S.C. § 2244(d) on February 2, 1998, which was ninety days after the

16  Washington Supreme Court denied his petition for review.  *Bower v. Roe*, 188 F.3d 1157,

17  1159 (9th Cir. 1999).

18       B.    State Collateral Proceedings

19       On June 25, 2003, petitioner filed a personal restraint petition ("PRP") with Division I

20  of the Washington Court of Appeals that raised at least seven claims for relief.[2]  Ex. 18.

21  Despite concerns regarding the timeliness of the appeal, the court reviewed the PRP on the

22  merits but found it to be frivolous and dismissed the petition.  Ex. 19.  Petitioner sought

23  discretionary review of the dismissal in the Washington Supreme Court.  Ex. 20-24.  The court

24  observed that the PRP was time barred, but nevertheless determined that the motion raised new

25  _____

26       [2]The petition appears to have been filed in the Snohomish County Superior Court which
     was subsequently transferred to the Court of Appeals.  Ex. Nos. 18, 19.

REPORT AND RECOMMENDATION
PAGE -2

01  grounds for relief and therefore dismissed it on those grounds on December 15, 2003.  Ex. 25.

02      It also appears that petitioner filed a separate PRP directly with the Washington

03  Supreme Court on June 25, 2003, that raised twelve claims for relief.  Ex. 27.  The Supreme

04  Court transferred the petition to the Court of Appeals and on November 12, 2003, the Court of

05  Appeals dismissed that petition as time barred.  Ex. 30.

06      On October 5, 2004, petitioner filed a 28 U.S.C. § 2254 petition for writ of *habeas*

07  *corpus* with this Court.[3]

### III.  CLAIMS FOR RELIEF

09      Petitioner raises four claims in his petition.  First, he argues that there was insufficient

10  evidence to sustain his conviction.  Second, he argues that the trial court erred by admitting

11  prejudicial evidence that was over ten years old.  Petitioner's third argument appears to relate

12  to his second, but specifically asserts that the prosecutor erred by asking him about the facts

13  surrounding a ten-year-old robbery conviction.  Fourth, petitioner argues that the trial court

14  erroneously commented on the evidence when it instructed the jury on the definition of

15  "grievous bodily harm."  Dkt. Nos. 7, 11.

16      Respondent's answer raises several procedural arguments.  He argues that the entire

17  petition should be dismissed as time barred, that the petitioner procedurally defaulted on his

18  first claim because it never was presented properly to the Washington Supreme Court, and that

19  none of petitioner's claims present adequate grounds for which § 2254 habeas relief can be

20  granted and that they lack merit.  Dkt. No. 18.

21      As  discussed below, the Court recommends all of petitioner's claims be dismissed as

22

23  ───────────────

24      [3]A 28 U.S.C. § 2254 petition is deemed filed at the time the prisoner delivers it to
    prison authorities for mailing to the clerk of the court.  *Houston v. Lack*, 487 U.S. 266 (1988);

25  *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *Anthony v. Cambra*, 236 F.3d 568, 575
    (9th Cir. 2000) (applying mailbox rule to state petition).  Here, the prison mail stamp on the

26  petition is dated October 5, 2004.  This is also the date petitioner signed and dated his petition.
    *See* Dkt. No. 1.

REPORT AND RECOMMENDATION
PAGE -3

01  time barred.

02                    **IV.  DISCUSSION**

03      A.      AEDPA's Statute of Limitations Bars Petitioner's Claims

04          The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No.

05  104-132, 110 Stat. 1214, § 105 (1996), governs petitions for *habeas corpus* filed by prisoners

06  who were convicted by state courts.  28 U.S.C. § 2254 (1996).  AEDPA provides for a one-

07  year statute of limitations for § 2254 actions challenging state-court convictions.  *See* 28

08  U.S.C. § 2244(d)(1) (1996).  The statute of limitations applies to petitioners whose state-court

09  judgments became final prior to the date AEDPA was signed into law – April 24, 1996 – but

10  grants them a one year grace period in which to file.  *See Carey v. Saffold*, 536 U.S. 214, 217

11  (2002); *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).  Thus, for petitioners

12  whose judgments became final prior to April 24, 1996, the period to file expired on April 24,

13  1997.  *Patterson*, 251 F.3d at 1245.

14          Here, there is no question that petitioner filed his petition after the expiration of the

15  statute of limitations.  He did not file his § 2254 petition until October 5, 2004, more than five

16  years after the AEDPA's statute of limitations had expired for him.  Dkt. Nos. 7, 11.

17  Petitioner's suit is therefore barred by AEDPA's one year statute of limitations.  The only

18  circumstances under which the petition would not be time barred is if the statute of limitations

19  was tolled.

20      B.      AEDPA's Tolling Provisions Do Not "Save" Petitioner's Claims From
               Being Time-Barred

21
22          AEDPA contains a provision that tolls the statute when a state collateral attack is filed.

23  Additionally, AEDPA's statute of limitations is subject to equitable tolling under certain

24  circumstances.  Neither of these provisions, however, save this petition from being time barred.

25
26

REPORT AND RECOMMENDATION
PAGE -4

01            1.      Statutory Tolling

02        The AEDPA's statute of limitations may be tolled for "[t]he time during which a

03    properly filed application for State post-conviction or other collateral review with respect to

04    the pertinent judgment or claim is pending[.] "  28 U.S.C. § 2244(d)(2).  Thus, a PRP that is

05    properly filed prior to the running of the statute tolls it.  In this case, however, petitioner filed

06    his first PRP in June 2003, more than four years after AEDPA statute of limitations had

07    expired.  Dkt. Nos. 18, 27.  As a result, AEDPA's statutory tolling provisions do not apply.

08            2.      Equitable Tolling

09        AEDPA's statute of limitations is also subject to equitable tolling.  *Pace v.*

10    *DiGuglielmo*, ___ U.S. ___ (2005), *available at* 2005 WL 957194.  The Supreme Court,

11    however, has indicated that equitable tolling is only applicable in very limited circumstances.

12    To succeed on an equitable-tolling argument, the petitioner must show (1) that he has been

13    pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way.

14    *DiGuglielmo*, 2005 WL 957194, at *6; *accord  Alvarez-Machain v. United States*, 107 F.3d

15    696, 701 (9th Cir. 1997) (recognizing that equitable tolling is typically available in suits against

16    the United States) (internal citations omitted).

17        Here, petitioner has alleged no "extraordinary circumstances" beyond his control that

18    have made it "impossible" for him to file a timely petition.  In addition, no such evidence is

19    apparent from the Court's review of the record.  Thus, because the petition was filed after the

20    running of the statute of limitations, and because no evidence justifies statutory or equitable

21    tolling, petitioner's claims should be dismissed as time barred.  By virtue of the fact that the

22    Court finds that this petition is barred by AEDPA's statute of limitations, it is not necessary to

23    address the underlying substance of his arguments.

24

25

26

REPORT AND RECOMMENDATION
PAGE -5

**V.  CONCLUSION**

Petitioner filed his 28 U.S.C. § 2254 petition for writ of *habeas corpus* more than five years after the expiration of the AEDPA's statute of limitations.  In addition, petitioner has not demonstrated that the statute should be tolled.  As a result, the Court recommends that the petition be dismissed as time barred.  A proposed order accompanies this Report and Recommendation.

DATED this 17th day of June, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -6